Filed 8/27/2020 10:43 AM
Terri Pirtle Willard
District Clerk
Rusk County, Texas
By: Laurey Martin

CAUSE NO. 2020-171

| | | |
|---|---|---|
| iSTICK CAPITAL MANAGEMENT, LLC, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| vs. | § § | RUSK COUNTY, TEXAS |
| ARENA LIMITED SPV, LLC, | § § § | |
| Defendant. | § § | 4th  JUDICIAL DISTRICT COURT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, iStick Capital Management, LLC ("iStick" or "Plaintiff") complains of Defendant Arena Limited SPV, LLC ("Arena" or "Defendant"), as follows:

### I.

### DISCOVERY CONTROL PLAN

Discovery is intended to be conducted pursuant to Discovery Level 2.

### II.

### RULE 47 DISCLOSURE STATEMENT

In accordance with TEX. R. CIV. P. 47, Plaintiff states that the claims asserted herein seek equitable relief and statutory relief, monetary relief of $100,000 or less, non-monetary relief and all the other relief to which the Plaintiff deems itself entitled.

### III.

### INTRODUCTION

This action is brought to remove the clouds on Plaintiff's title and clear the title to the property which it undoubtedly owns free and clear.

IV.

## PARTIES, JURISDICTION & VENUE

1. Plaintiff is a Texas limited liability company headquartered in Dallas, Texas that owns minerals in Rusk County, Texas.

2. Defendant is a Delaware limited liability company, with its principal place of business located at 405 Lexington Avenue, 59th Floor New York, New York 10174. Defendant may be served with process through its registered agent, Vcorp Services, LLC 1013 Centre Road Suite 403-B Wilmington, Delaware 19805.

3. This Court has jurisdiction over this action pursuant to § 24.007 of the Texas Government Code and by virtue of the relief sought herein. The amount in controversy exceeds the minimum jurisdictional requirements of this Court.

4. This Court has jurisdiction over the parties because the acts or omissions complained of occurred within Texas and the property at issue is located in Rusk County, Texas.

5. Pursuant to TEX. CIV. PRAC. & REM. CODE § 15.011, venue is proper in this Court because this action is for the recovery of real property located within Rusk County, Texas.

V.

## FACTS COMMON TO ALL CLAIMS

6. Plaintiff and Defendant are parties to the Term Loan Agreement dated February 23, 2017 (the "Term Loan Agreement").

7. In connection with the Term Loan Agreement, Plaintiff iStick executed a Conveyance of Overriding Royalty Interest dated February 23, 2017, that was subsequently filed in the property records for Rusk County, Gregg County and Upshur County (the "ORRI Agreement"), by which iStick conveyed certain overriding royalty interests (the "ORRI") to

Defendant. A true and correct copy of the ORRI Agreement is attached hereto as **Exhibit "A,"** and includes the legal description of the property in dispute.

8. Pursuant to paragraph 2.20 of the Term Loan Agreement, one-half of the conveyed ORRI was to revert to iStick upon payoff of the loan.

9. On March 9, 2018, the loan was paid in full.

10. Pursuant to paragraph 1.10 of the Term Loan Agreement, the assignment of ORRI was for a period of three (3) years from February 23, 2017. The assignment has expired.

11. Despite attempts to secure Arena's compliance with its unambiguous obligations under the Agreements, Arena has refused to release the ORRI.

12. Arena's continued refusal to timely convey and/or release the ORRI operates as a cloud on iStick's title.

## VI.

## CAUSE OF ACTION

**A.    COUNT ONE: TRESPASS TO TRY TITLE.**

13. Plaintiff incorporates the above numbered paragraphs as if fully set forth herein.

14. The real names of Plaintiff and Defendant are included herein.

15. The legal description of the property in dispute is attached hereto and incorporated herein by reference.

16. Plaintiff claims ownership of the mineral estate in the Land.

17. Plaintiff is entitled to their ownership of the mineral estate in the Land to the exclusion of Defendant.

18. Defendant has unlawfully asserted superior rights to Plaintiff's.

19. Pursuant to the Texas Property Code and the Texas Rules of Civil Procedure, Plaintiff seeks title to and exclusive possession of the mineral estate therein.

20. Plaintiff was required to file this Petition to obtain legal remedies and to seek a declaration as to its rights in in the Land. Pursuant to pursuant to TEX. CIV. PRAC. & REM CODE § 37.009, Plaintiff seeks an award of costs and reasonable and necessary attorney's fees as are equitable and just.

## VII.

## DISCOVERY SERVED WITH PETITION

21. Defendant was served with (i) a Rule 194 Request for Disclosure and (ii) Requests for Admission along with citation for the petition.

## VIII.

## PRAYER FOR RELIEF

Plaintiff respectfully prays that Defendant be cited to appear and answer herein as required by law and that, upon final trial, Plaintiff has:

1. Title and possession of the mineral estate;

2. Compensatory damages;

3. Recoverable attorneys' fees;

4. Recoverable costs;

5. Pre- and post-judgment interest at the highest lawful rate to the extent applicable; and

6. Such other and further relief, whether in law or in equity, as Plaintiff may show itself to be justly entitled.

Respectfully submitted,

/s/Charles W. Gameros, Jr., P.C.
Charles W. Gameros, Jr., P.C.
State Bar No. 00796596

**HOGE & GAMEROS, L.L.P.**
6116 North Central Expressway, Suite 1400
Dallas, Texas 75206
Telephone:   (214) 765-6002
Telecopier:  (214) 559-4905
E-Mail:      bgameros@legaltexas.com

**ATTORNEYS FOR PLAINTIFF**